STATE, THE PEOPLE'S GAS-LIGHT COMPANY OF JERSEY CITY, THE JERSEY CITY GAS-LIGHT COMPANY, JAMES L. OGDEN AND ANDREW CLERK, PROSECUTORS, v. THE MAYOR AND ALDERMEN OF JERSEY CITY AND THE CONSUMERS' GAS COMPANY.

1. The board of aldermen of Jersey City is the proper department of the city government to give consent for the laying of gas-pipes in the streets, and to prescribe regulations therefor, under section 17 of the Gaslight Corporations act. *Rev., p.* 460.

2. This power of the board must be exercised by ordinance, which must be introduced at a stated meeting previous to that at which it is passed, and must not be materially changed at the last meeting.

3. Gas companies having the right to use the streets of a city for their gas-pipes, may, by *certiorari*, challenge the legality of municipal proceedings designed to give similar rights to rival companies, and individuals owning the soil of a street may also question the claim of a gas company to lay its pipes therein.

On *certiorari* to review an ordinance of the board of aldermen of Jersey City.

Argued at February Term, 1884, before Justices KNAPP, DIXON and MAGIE.

For the prosecutors, *M. T. Newbold* and *J. D. Bedle.*

For the defendants, *Peter Bentley.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up an ordinance passed by the board of aldermen of Jersey City, designed to give to "The Consumers' Gas Company" the consent to lay gas-conductors through the streets of the city, which the seventeenth section of the Gas-light Corporations act (*Rev., p.* 460,) requires.

This ordinance cannot be supported.

The section mentioned empowers corporations formed under that act to lay conductors for conducting gas through the streets of the city, "having first obtained the written consent of the municipal authorities of said city and under such regulations as they may prescribe." In the government of Jersey City, the board of aldermen is the proper department to give this consent and prescribe these regulations, for to that board is delegated the power to pass, alter or repeal ordinances for regulating or preventing the use of streets for any other purposes than public travel. *City Charter, Pamph. L.* 1871, *p.* 1094, § 24. But, as the section just referred to directs, this power must be exercised by ordinance, and therefore in ac-

cordance with the twenty-third section of the city charter, which provides that no ordinance or by-law shall be enacted by the aldermen, unless the same shall have been introduced before the aldermen at a previous stated meeting. This provision requires that the ordinance, as passed, shall be substantially the same as it was when before the board at a previous stated meeting, and invalidates it if materially changed at the meeting in which it was enacted. *State* v. *Bergen*, 4 *Vroom* 39; *State* v. *Jersey City*, 5 *Vroom* 429.

The ordinance now before us consists of five sections. Four of these sections composed the ordinance as introduced March 27th, 1883. At the meeting of November 27th, 1883, the fourth section was amended, the fifth section was added, and the whole was then adopted. The changes made were material, and therefore the ordinance could not be lawfully passed at that meeting.

The prosecutors have a right to challenge the legality of the ordinance. They are the two gas companies now supplying the city with gas through their pipes lawfully laid in the streets, and two residents of the city owning land upon its streets. The ordinance in question authorizes the tearing up of every street in the city, to enable the defendant to lay the pipes necessary for carrying on a business in competition with the prosecuting companies. Thus it appears that beside the common interest which every citizen has in preserving the streets for public travel, these two corporations have special business privileges which they are entitled to protect against any unlawful rivalry. *R. & D. B. R. R. Co.* v. *D. & R. Canal Co. et al.*, 3 *C. E. Green* 546; *Penna. R. R. Co.* v. *Nat. R. Co.*, 8 *C. E. Green* 441; *N. J. South. R. R. Co.* v. *Long Branch Com'rs*, 10 *Vroom* 28. And these individual prosecutors have estates in the soil of the streets from which they have a right to avert threatened trespasses. *Hunt* v. *Lambertville*, 16 *Vroom* 279.

The ordinance must be set aside.